[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14086
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60160-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LENNCY WALDEX JEUDY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 18, 2019)


Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Lenncy Waldex Jeudy appeals his 94-month total sentence for use of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Jeudy argues that his total sentence is substantively unreasonable because the district court did not afford adequate weight to his cooperation with law enforcement or to his history of mental health and substance abuse issues. After review,[1] we affirm.

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. *Id.* § 3553(a)(1). The district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss them all individually, so long as it expressly acknowledges that it considered the party's arguments and the sentencing factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

---

[1] We review the reasonableness of a sentence under the deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court did not abuse its discretion because it explicitly stated that it considered the § 3553 factors, Jeudy's sentencing memorandum, his psychological report, and his mental health.  Further, it was within the court's discretion to place greater emphasis on the fact he committed the instant offenses after he cooperated with the government in a prior case than on the fact his cooperation in that case was substantial.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (noting the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court).  Finally, Jeudy's 94-month total sentence is well below the 144-month statutory maximum, which indicates its reasonableness.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (finding a sentence reasonable in part because it was well below the statutory maximum).  Accordingly, we affirm.

**AFFIRMED.**